DECISION
This matter is before the Court for a decision on Plaintiff' Rosemary Davidson's ("Plaintiff" or "Mrs. Davidson") request for compensatory damages she asserts were suffered as the result of the Defendant National Education Association Middletown's ("Defendant" or the "Union") breach of its duty of fair representation to her. Specifically, Plaintiff claims entitlement to "lost earnings for a period of five years, compensatory damages for the impact this has had on her and an award of attorneys fees." (Pl.'s Mem, 1-2.) The Defendant counters that the Plaintiff "has completely failed to establish any damages flowing from said breach [and] the appropriate damages award in this case is none." (Def.'s Mem. 2.)
 Facts and Travel
This Court has already ruled that the Defendant is liable to Plaintiff due to its failure to afford her the Belanger
Hearing to which she was clearly entitled. SeeDavidson v. Nat'l Educ. Ass'n Middletown,2008 WL 4897930 (R.I. Super. Ct., Oct. 24, 2008). The Court incorporates those findings and will only refer to facts necessary to this decision. *Page 2 
 Analysis
In an action of this type, "the law grants courts broad authority to create an `appropriate remedy' for a breach of the duty of `fair representation,' which remedy may `vary with the circumstances of the particular breach.'" Achilli v. Nissen Baking Co.,989 F.2d 561, 565 (1st Cir. 1993) (quoting Vaca v. Sipes,386 U.S. 171, 195 (1967)). The Achilli court approved an award of damages for wages lost by the unfairly treated union member. Id. Although the wronged employee must "use reasonable diligence in obtaining new employment" in order "to mitigate loss of income," the union bears the burden of proving that the employee failed to make a reasonable search for post-termination employment. Id. at 565-66 (citing NLRB v. Arduni Mfg. Corp.,394 F.2d 420, 723 (1st Cir. 1968)). The court in Achilli also authorized the inclusion of an award of attorney's fees "as part of the damages" incurred by the employee, foregoing in that case, to apportion said fees between successful versus unsuccessful claims.Id.
The Court declines to revisit the issues raised in the Defendant's post-hearing memorandum which relate to the Union's liability in this controversy. This decision is exclusively a determination of the propriety of the amount of the various forms of monetary awards sought by the Plaintiff.
The Court accepts Mrs. Davidson's testimony that she could have worked "at least" five years as totally credible. This Plaintiff presented as a very dynamic, caring, enthusiastic, skilled, gratified, and thoroughly dedicated professional. She exudes integrity, sincerity and an enduring devotion to all individuals fortunate enough to be a part of her professional and personal circles. When she tragically and unexpectedly lost *Page 3 
her beloved husband and best friend, Bob, it is no wonder that she "kept thinking . . . [she] was going to have all this time to [herself]" that she could "still work," was "still healthy" and "energetic" and had "something that was just [hers] that didn't involve Bob." (Tr. 9-10.) This Court believes that Mrs. Davidson would, undoubtedly, have continued to work well beyond 5 years and thus finds her request for lost wages eminently reasonable.[1]
Furthermore, the transcript of Mrs. Davidson's testimony demonstrates that she consistently and diligently pursued employment opportunities. No countervailing evidence was produced by the Union which would even suggest that it could near its required burden of proving that Plaintiff failed to make a reasonable search for post-termination employment. See Achilli, 989 F.2d at 565.
The Plaintiff has further requested an award of attorneys fees in the amount of $39,987.75. This sum includes professional fees expended in pursuit of the Department of Education matter. The Court concurs with the Defendant that because the Union was not a party to those proceedings, it is not reasonable to hold it responsible for those costs. However, the fees incurred by Plaintiff which are dedicated to the grievance against the Union, once that entity was included as a party to the controversy, are clearly recoverable. Moreover, the expert testimony of the very experienced Attorney Mary Jo Carr stands uncontroverted and unimpeached regarding the reasonableness of the hourly fee and/or the necessity of the associated task. Thus, Plaintiff has proven, by the credible *Page 4 
evidence, that she is entitled to recover the requested "Union Matter" sum of $27,990.00.
Lastly, the Plaintiff has requested an award, in the Court's discretion, for compensatory damages for pain and suffering endured due to the Union's conduct. The Court regards Mrs. Davidson's testimony regarding her anguish, and manifestations of the same, as most sincere. Legally, however, the Court must endorse the Union's position that "compensation for mental distress in the context of labor disputes is warranted only in the `exceptional' case of `extreme misconduct.'" Soto Segarra v. Sea-Land Service,Inc., 581 F.2d 291, 298 (1st Cir. 1978) (quoting De Arroyo v.Sindicato de Trabajadores Packinghouse, AFL-CIO,425 F.2d 281, 293 (1st Cir. 1970)); see also Def.'s Mem. 17. The First Circuit Court of Appeals in Soto Segarra found it "difficult to conclude that the failure to process appellee's grievance, although arbitrary, was clearly malicious and willful. Not every default by the union that constitutes a breach of its duty of fair representation necessarily amounts to that aggravated conduct for which mental distress and possibly punitive damages may be awarded." Id.
This Court has previously ruled that because the Defendant did not have all of the relevant information required to make an informed decision, it did not have the right to dispense with theBelanger Hearing process. See Davidson v.Nat'l Educ. Ass'n Middletown,2008 WL 4897930 (R.I. Super. Ct., Oct. 24, 2008). The Court further noted that "such information may not have persuaded the Union to approve Plaintiff's retirement rescission, it was, nonetheless, relevant to a meaningful hearing." Id. Although it was ultimately determined that the Union was legally "in the wrong" as pertained to Mrs. Davidson's representation rights, there is no evidence whatsoever that *Page 5 
the Union, or its agents, embarked upon a course of reckless or malicious conduct with an intent to deliberately subvert Plaintiff's rights as a union member. Thus, the Court declines, based upon the state of the record, to award damages on this theory of recovery.
 Conclusion
For the foregoing reasons, Plaintiff is awarded lost wages in the amount of $268,980.34 (constituting 5 years of lost income ($365,096.00) minus Plaintiff's retirement payout ($93,555.00) and other compensation for substitute work ($2,560.66)) and attorneys fees in the amount of $27,990.00. Likewise, the Court declines to award damages for pain and suffering.
Counsel for Plaintiff shall prepare an order in conformance with this Decision. The Court would like to express its gratitude for the comprehensive memoranda of counsel, the genuine advocacy exhibited on behalf of the clients, and the civility each counsel has professionally displayed during the course of these proceedings.
[1] The Court agrees with the Defendant that this sum must be reduced by the "retirement-related payment" of $6,941.70, which Plaintiff would not have been entitled to without being in retirement status.